UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALMANZAR,

                    Plaintiff,

vs.                                    Case No.  2:06-cv-98-FtM-33DNF

EMERGENCY PHYSICIANS OF NAPLES,
LLC, a Florida Limited Liability
Company, and JOHN LEWIS, M.D.,

                    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendants' Rule 11 Motion for Sanctions With Supporting Memorandum of Law (Doc. # 16), which was filed on April 14, 2006.  Plaintiff filed his Response to Defendants' Rule 11 Motion (Doc. # 24) on May 12, 2006.

Defendants seek an order sanctioning Plaintiff under Rule 11 of the Federal Rules of Civil Procedure.  Defendants' motion specifically requests that Plaintiff be required to pay Defendants' attorney's fees, no other relief is specified.

Federal Rule of Civil Procedure 11 states in pertinent part:

(b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have
evidentiary support or, if specifically so identified,
are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on
the evidence or, if specifically so identified, are
reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable
opportunity to respond, the court determines that
subdivision (b) has been violated, the court may, subject
to the conditions stated below, impose an appropriate
sanction upon the attorneys, law firms, or parties that
have violated subdivision (b) or are responsible for the
violation.

In this Fair Labor Standards Act case, with pendent claims for
violations of the Florida Private Sector Whistle-Blower Act, Fla.
Stat. § 448.102 and for breach of an employment contract,
Defendants assert that Plaintiff violated Federal Rule of Civil
Procedure 11 because counsel for Plaintiff failed "to make a
reasonable inquiry as to the validity of the claims prior to filing
the action." (Doc. # 16 at 4).  Specifically, Defendants assert
that Plaintiff has filed an action for violations of the Fair Labor
Standards Act for unpaid overtime and for retaliation when
Plaintiff is not entitled to overtime compensation under the
relevant employment agreement.  In addition, Defendants assert that
counsel for Plaintiff "violated Rule 11 by failing to voluntarily
dismiss the claims upon learning that they lack merit." (Id.)
Defendants further argue, "This case was filed in bad-faith by a
disgruntled employee who is out for revenge." (Id.)

2

Plaintiff's response to the Rule 11 motion indicates that Plaintiff's case is not frivolous and is wrought with factual issues to be determined at trial.  Plaintiff further argues that this case requires an interpretation of the employment contract between Plaintiff and Defendants.  Furthermore, Plaintiff submits that, in addition to his claims for unpaid overtime and retaliation under the Fair Labor Standards Act, he has asserted a claim under the Florida Private Sector Whistle-Blower Act, Fla. Stat. § 448.102, which is independent of his claim for unpaid overtime, and is due to Defendants' alleged illegal activity.[1]

Defendants' Motion for Rule 11 Sanctions is unfounded and is due to be denied.  The arguments presented in Defendants' motion for Rule 11 sanctions would be properly presented in the form of a dispositive motion, but are not properly before the Court on a Rule

---

[1] Count III of Plaintiff compliant entitled "Whistleblower" alleges:

> Almanzar, in addition to his opposition to Emergency Physician's failure to properly compensate its physician's assistants for their overtime work, opposed Emergency Physician's directive to its physician's assistants to "upcode" care given to certain patients. "Upcoding" refers to the practice of causing bills for patient care to be sent to governmental payors, such as Medicare and Medicaid, and to insurance companies for care which was not actually provided, or for care the health care provider was not licensed to provide.  After his expressions and on account of his expressions about these unlawful practices of Emergency Physicians, Almanzar was terminated.

(Doc. # 1 at 5).

3

11, Fed. R. Civ. P., motion for sanctions.   Acting within this Court's discretion, the Court denies all requests for attorney's fees at this time.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Rule 11 Motion for Sanctions With Supporting Memorandum of Law (Doc. # 16) is **DENIED.**

(2) Plaintiff's request that Defendants be required to pay attorney's fees (Doc. # 24 at 7) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>16th</u> day of May, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

4